# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Transguard Insurance of America, Inc. and American Van Lines, Inc., | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. S23C-12-011 MHC |
| v. | ) ) | |
| Bingo Moving, Inc., Victor Custiuc, Hartford Fire Insurance Company and Maxum Indemnity Company | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Submitted: September 16, 2024
Decided: December 4, 2024

*Defendants' Motion to Dismiss – **GRANTED.***

David G. Culley, Esquire, Tybout, Redfearn & Pell, 501 Carr Road, Suite 300, Wilmington, DE 19809, *Attorney for Defendants' Bingo Moving, Inc. and Victor Custiuc.*

Arthur D. Kuhl, Esquire, Reger, Rizzo & Darnall, LLP, Brandywine Plaza East, 1523 Concord Pike, Suite 200, Wilmington, DE 19803, *Attorney for the Plaintiffs.*

Thaddeus J. Weaver, Esquire, Dilworth Paxson, LLP, 800 N. King Street, Suite 202, Wilmington, DE 19801, *Attorney for Defendants' Hartford Fire Ins., Co. And Maxum Indemnity Co.*

**CONNER, J.**

This 4th day of December, 2024, upon consideration of the Defendants', Bingo Moving, Inc. and Victor Custiuc, Motion to Dismiss and briefs submitted by the parties, it appears to the Court that:

(1)     The parties entered into a contract intending that all legal claims would be resolved through mandatory arbitration.  The Court must take notice that the title of Section 13 of the contract reads "Mandatory Arbitration."

(2)     Plaintiffs contend the word "if" in Section 13 demonstrates that arbitration is not mandatory.  This argument is not persuasive in reading the contract as a whole.  Further, in reading the contract as a whole, Plaintiffs' other arguments are equally unavailing.

(3)     If the Court found Section 13 was ambiguous, the result would be the same.  The accepted *contra proferentem* principle dictates that "ambiguities in a contract should be construed against the drafter."  Twin City Fire Ins. Co. v. Delaware Racing Association, 840 A. 2d 624, 630 (Del. 2003).  It is undisputed that American Van Lines drafted the subcontract.  Additionally, "the public policy of this State favors the resolution of disputes through arbitration."  Graham v. State Farm Mutual Insurance Company, 565 A. 2d 908, 911 (Del. 1989).

(4)     Since the Court finds the parties contracted to settle all legal claims by arbitration, the Court lacks subject matter jurisdiction.  Therefore, the Court need not address the remainder of the Defendants' arguments.  The Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*

Mark H. Conner, Judge

Via File & Serve
oc: Prothonotary